ARTHUR J. GENNEKEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Genneken v. Commissioner
Docket No. 20084-82.
United States Tax Court
T.C. Memo 1985-30; 1985 Tax Ct. Memo LEXIS 602; 49 T.C.M. (CCH) 546; T.C.M. (RIA) 85030; January 15, 1985. *602 Held, respondent correctly determined G's gross income for 1977 through 1980. Held further, G is liable for self-employment taxes. Held further, G is liable for the additions to tax for negligence, failure to file an income tax return and underpayment of estimated tax. Arthur J. Genneken, pro se. Michael B. Axman, for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION Nims, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1977
$3,259.00
$814.75
$162.95
$116.00
1978
3,847.00
916.75
192.35
123.00
1979
4,263.00
1,065.75
213.15
178.00
1980
5,283.00
1,320.75
264.15
337.00
The issues for decision for each of the taxable years at issue are: (1) whether respondent correctly determined petitioner's gross income; (2) whether petitioner is liable for self-employment tax under section 1401; *604 (3) whether petitioner is liable for the addition to tax for failure to file an income tax return under section 6651(a)(1); (4) whether petitioner is liable for the addition to tax for negligence under section 6653(a); and (5) whether petitioner is liable for the addition to tax for underpayment of estimated tax under section 6654. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided at Pompano Beach, Florida, at the time his petition was filed in this case. Petitioner was self-employed during the taxable years at issue. [2] Petitioner, however, maintained neither books and records of the income he earned nor a bank account. In addition, petitioner failed to file Federal income tax returns for 1977, 1978, 1979 and 1980. Respondent determined petitioner's gross income for each of the taxable years at issue based upon data compiled by the Bureau of Labor Statistics. Respondent's computations are as follows: Year
Gross Income
1977
$12,661
1978
14,065
1979
15,631
1980
17,926
*605 OPINION 1. Reconstruction of Petitioner's Income
It is well settled that in the absence of sufficient books and records, respondent may reconstruct a taxpayer's income by any method which is reasonable. ; , affd. by unpublished opinion . Moreover, we have held that respondent's use of Bureau of Labor Statistics in reconstructing a taxpayer's income is an acceptable and reasonable method of income reconstruction. ; see also and the cases cited therein at n. 6. Once respondent reconstructs a taxpayer's income and determines a deficiency in income tax, the taxpayer bears the burden of demonstrating that respondent's determination is erroneous. . In the instant case, petitioner offered no evidence to rebut respondent's reconstruction of his income but rather argued at trial that the wages he received are not includable in *606 gross income. Petitioner's argument is without merit and therefore we sustain respondent's determination of petitioner's income and the deficiencies in tax which result therefrom. Section 61; ; . 2. Self-Employment Tax
Respondent determined that petitioner was liable for self-employment tax under section 1401 [3] for each of the taxable years at issue. Having found that respondent properly reconstructed petitioner's income, we consequently hold that petitioner is liable for the asserted self-employment taxes. 3. Addition To Tax For Failure To File a Return
The next issue for decision is whether petitioner is liable for the addition to tax for failure to file a return under section 6651(a)(1) [4] for each of the years at issue. Petitioner stipulated that he failed to file income tax returns for 1977 through 1980. Petitioner did not show that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, the additions *607 to tax under section 6651(a)(1) are sustained. 4. Addition to Tax for Negligence
Respondent determined that petitioner is liable for the addition to tax under section 6653(a) for negligence *608 or intentional disregard of rules and regulations for each of the taxable years at issue. Petitioner bears the burden on proving that the addition to tax is inapplicable. ; . Petitioner offered no evidence to meet his burden of proof. Moreover, his willful failure to file returns demonstrates an intentional disregard of rules and regulations. The additions to tax for negligence are therefore sustained. 5. Addition to Tax for Underpayment of Estimated Tax
The final issue for decision is whether petitioner is liable for the addition to tax under section 6654 for each of the years at issue for underpayment of estimated income tax. Subject to specific exceptions not applicable to this case, section 6654 is mandatory regardless of extenuating circumstances. . Thus, we sustain respondent's determination of the additions to tax under section 6654. [5]
*609 In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the years in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's field of employment was not revealed in the record.↩
3. Section 1401(a) imposes a tax "on the self-employment income of every individual."↩
4. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩
5. Petitioner requested in his petition the recovery of his "costs in bringing and maintaining this action opposing the wrongful and oppressive determinations of the Commissioner." We have no authority to award court costs or attorney fees in the instant case. Petitioner's request is denied. , affd. by unpublished opinion .↩